UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

RUBEN DARIO PISCO MADRID      CIVIL ACTION NO. 26-CV-43

VERSUS      JUDGE ROBERT R. SUMMERHAYS

WARDEN, ET AL.      MAGISTRATE JUDGE DAVID J. AYO

MEMORANDUM ORDER

Before the court is a Motion for Order to Show Cause (Doc. 3) filed by Ruben Dario Pisco Madrid ("Petitioner"). Petitioner is an immigration detainee at the Jackson Parish Correctional Center seeking release from detention. According to the petition, Petitioner is a native and citizen of Ecuador who has been in immigration detention since December 18, 2025. After arresting Petitioner at his ICE check-in at the Dallas Texas ICE Field Office, ICE did not set bond and Petitioner is unable to obtain review of his custody by an immigration judge, pursuant to the Board's decision in *Matter of Yajure Hurtado,* 29 I. & N. Dec. 216 (BIA 2025). Doc. 1.

Petitioner challenges the lawfulness of his immigration re-detention. He seeks an order from this Court declaring his continued and prolonged detention unlawful and ordering Respondents to release him forthwith from their custody.  (Doc. 3).  Petitioner asks the court to order the Government to respond to the petition within three days or, alternatively, no more than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days

unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under Sections 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under Section 2241. *See Maniar v. Warden Pine Prairie Corr. Ctr.*, 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; *See also, Taylor v. Gusman*, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (noting a court's discretion under Rule 4 "prevails" over the strict time limits of Section 2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008) (allowing 60 days to respond to a Section 2241 habeas petition); *Hickey v. Adler*, 2008 WL 3835764 (E.D. Cal. 2008) (same).

Accordingly, IT IS ORDERED that Petitioner's Motion for Order to Show Cause is GRANTED IN PART and DENIED IN PART.

Because prompt briefing is warranted, IT IS FURTHER ORDERED that Respondents file an answer to the petition (Doc. 1) within 21 days of the date of this Order. Petitioner shall have seven days to reply. After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764, (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D.W. Va. 1997).

and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

**THUS DONE AND SIGNED** in chambers this 26th day of January, 2026.

David J. Ayo
United States Magistrate Judge